UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARIA CORAZON DANGANAN MARGALLO-GANS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21-cv-02898 (APM) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

**I.**

Pro se Plaintiff Maria Margallo-Gans sued Defendants United States Citizenship and Immigration Services ("USCIS"), USCIS Administrative Appeals Office, and the Department of Homeland Security ("DHS"), challenging the denial of her U visa application. USCIS denied her application because Plaintiff failed to submit a certification required by 8 C.F.R. § 214.14(c), which provides that a qualified official must attest to various facts, including that the applicant is the "victim" of an enumerated crime. As best the court can tell, Plaintiff's challenge is two-fold. First, she contends that USCIS's denial was arbitrary and capricious because USCIS itself had the statutory authority under 8 U.S.C. § 1184(p)(1) to grant the certification but it refused to do so. Second, she asserts that USCIS's "victim" certification requirement is *ultra vires* or otherwise violates the Administrative Procedure Act.

Defendants move to dismiss for failure to state a claim, or in the alternative, for summary judgment. They argue that USCIS has no legal authority to make a "victim" certification and that

§ 214.14(c)'s certification requirement is consistent with the statutory scheme. Plaintiff cross-moves for summary judgment.

As explained below, the court agrees with Defendants that Congress did not grant USCIS the power to make the statutory and regulatory certifications that must accompany a U visa application. The court, however, will defer ruling on Plaintiff's second claim. Whether USCIS has overstepped its statutory authority by requiring U visa applicants to submit a "victim" certification is a complex question that the court cannot resolve based on the parties' current filings. To assist the court in resolving the issue, it will appoint *amicus curiae* to brief Plaintiff's position and will order Defendants to submit a supplemental opposition brief. Accordingly, the court grants Defendants' motion in part, denies Plaintiff's motion in part, and defers ruling on Plaintiff's second claim.

## II.

### A.

Congress created the U visa program as part of the Victims of Trafficking and Violence Protection Act of 2000. Pub. L. No. 106-386 § 1513(a)(2)(B), 114 Stat. 1464, 1533 (2000) (codified at 8 U.S.C. § 1101(a)(15)(U)). The program permits the DHS Secretary to grant U nonimmigrant status to victims of certain qualifying crimes who cooperate with law enforcement authorities in the investigation or prosecution of such crimes. *See* 8 U.S.C. § 1101(a)(15)(U)(i). An applicant must meet four criteria: (1) she must have "suffered substantial physical or mental abuse as a result of having been a victim" of an enumerated crime; (2) she "possesses information concerning criminal activity"; (3) she "has been helpful, is being helpful, or is likely to be helpful" to law enforcement authorities investigating or prosecuting the criminal

activity; and (4) the criminal activity must have violated the laws of the United States or occurred within its territorial jurisdiction. *Id.* § 1101(a)(15)(U)(i)(I)–(IV).

A separate statutory provision sets forth a specific "petitioning procedure[]" that a U visa applicant must follow. *Id.* § 1184(p)(1). The applicant must obtain a "certification" from a federal, state, or local law enforcement official, prosecutor, or judge involved in the criminal investigation or prosecution. *Id.* Alternatively, the certification can be obtained by "an official of the Service"—referring to the then-existing Immigration and Naturalization Service—"whose ability to provide such certification is not limited to information concerning immigration violations." *Id.* The certification "shall state that the alien 'has been helpful, is being helpful, or is likely to be helpful' in the investigation or prosecution of criminal activity[.]" *Id.* (quoting 8 U.S.C. § 1101(a)(15)(U)(iii)). USCIS has "sole jurisdiction over all petitions for U nonimmigrant status." 8 C.F.R. § 214.14(c)(1).

Congress directed the DHS Secretary to establish regulations implementing the immigration laws, including the U visa program. 8 U.S.C. § 1103(a). As relevant here, § 214.14(c), titled "Application procedures for U nonimmigrant status," states that unless a U visa applicant has received interim relief, she "must submit" "initial evidence to USCIS" with a Form I-918. 8 C.F.R. § 214.14(c). That "initial evidence" "must" include a "Supplement B, U Nonimmigrant Status Certification." *Id.* The certification "must state" that the applicant satisfies each of the four statutory criteria necessary to receive a U visa, including that "the applicant has been a victim of qualifying criminal activity[.]" *Id.*

B.

Plaintiff is a Filipino citizen currently residing in the Philippines. Am. Verified Compl. for Declaratory J., ECF No. 21-1, ¶ 3 [hereinafter Am. Compl.]. In October 2005, Plaintiff and

3

eight others traveled from the Philippines to South Dakota to work at a hotel owned by Robert and Angelita Farrell. *Id.* ¶ 16. Plaintiff worked for the Farrells for one month before returning to the Philippines. *Id.* ¶ 19. In 2006, Plaintiff filed complaints against the Farrells about the treatment she received while working at the hotel. *Id.* ¶¶ 20–21. In 2007, the Farrells were convicted of several offenses, including peonage, visa fraud, and document servitude. *Id.* ¶ 23.

Following the Farrells' successful prosecution, Plaintiff began taking steps to secure a U visa. In December 2007, Plaintiff requested a Supplement B certification from the investigating and prosecuting agency, the U.S. Attorney's Office for the District of South Dakota. *Id.* ¶ 24. The office denied her request several times with varying explanations, including once based on the official's "opinion under the facts and circumstances of [the criminal] case that [Plaintiff] d[id] not qualify as a victim of a qualified criminal activity." Annex D to Compl., ECF No. 1, at 50 (ECF pagination).

Plaintiff nevertheless applied for a U visa. USCIS rejected her application at every level of review. In a nutshell, the agency reasoned that it had no authority to waive the certification required by § 214.14(c)(2)(i) and that, without a Supplement B certification, Plaintiff was not eligible to receive a U visa. Compl. ¶¶ 32–50. Further, although Plaintiff had supplied the agency with records to prove her status as a victim, the agency determined that it could not consider that evidence in lieu of the Supplement B certification. *Id.*

Plaintiff then filed the present action. Compl., ECF No. 1.[1] Before the court are the parties' cross-motions for summary judgment. *See* Defs.' Mot. to Dismiss the Am. Compl., or in the

---

[1] On August 4, 2022, Defendants moved to dismiss for improper venue and failure to state a claim. Defs.' Mot. to Dismiss, ECF No. 15. The court denied that motion and appointed Plaintiff counsel to represent her in all aspects of her case. Order, ECF No. 27. Plaintiff's appointed counsel withdrew from the matter on April 26, 2023. Notice of Withdrawal of Appearance, ECF No. 35. Plaintiff then informed the court of her intent to proceed pro se. Pl.'s Cmt. on Counsel's Notice of Withdrawal, ECF No. 36.

Alternative, for Summ. J. & Mem. in Supp. Thereof, ECF No. 33 [hereinafter Defs.' Mem.]; Pl.'s Cross-Mot. for Summ. J., ECF No. 37 [hereinafter Pl.'s Mem.].

### III.

The court first addresses the legal standard governing Plaintiff's claims. Although Plaintiff's complaint is not a model of clarity, she appears to challenge Defendants' denial of her U visa application as both *ultra vires* and a violation of the Administrative Procedure Act ("APA"). *See* Am. Compl. at 2, 45. An *ultra vires* claim is only available when "(i) there is no express statutory preclusion of all judicial review; (ii) there is no alternative procedure for review of the statutory claim; and (iii) the agency plainly acts in excess of its delegated powers and contrary to a specific prohibition in the statute that is clear and mandatory." *Fed. Express Corp. v. Dep't of Com.*, 39 F.4th 756, 763 (D.C. Cir. 2022) (internal quotation marks omitted). Here, the APA provides an "alternative procedure for review of the statutory claim." *Id.* The court thus will construe Plaintiff's complaint as raising only an APA claim.

"[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (footnote omitted). The APA requires courts to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," or "without observance of procedure required by law[.]" 5 U.S.C. § 706(2)(A), (C), (D). Such claims "are reviewed under the well-known *Chevron* framework," *Ass'n of Priv. Sector Colls. & Univs. v. Duncan*, 681 F.3d 427, 441 (D.C. Cir. 2012), wherein agency interpretations of ambiguous statutory provisions are afforded deference and upheld if "reasonable and reasonably explained," *FCC v. Prometheus Radio Project*, 592 U.S. 414,

417 (2021). "However, [courts] need not apply the *Chevron* framework if [they] conclude that the agency has correctly construed the governing statute." *Advoc. Christ Med. Ctr. v. Becerra*, 80 F.4th 346, 351 (D.C. Cir. 2023).

## IV.

The parties' dispute centers on two issues. First, whether USCIS acted arbitrarily and capriciously by withholding from Plaintiff the certification required by § 1184(p)(1). Second, whether § 214.14(c)(2)(i) demands additional certifications—including that the applicant is a "victim of qualifying criminal activity"—that are not authorized by § 1184(p)(1), which requires only a certification that the applicant "has been helpful, is being helpful, or is likely to be helpful."

### A.

Recall that § 1184(p)(1) requires U visa applicants to secure a "helpfulness" certification. An applicant can obtain such certification from a federal, state, or local law enforcement official, prosecutor, or judge. 8 U.S.C. § 1184(p)(1). The certification "may also be provided by an official of the Service whose ability to provide such certification is not limited to information concerning immigration violations." *Id.* Plaintiff argues that the alternative path authorizes USCIS to make the "helpfulness" certification based on evidence submitted by the applicant, regardless of whether she submits a Supplement B certification. Pl.'s Mem. at 25. In other words, Plaintiff asserts that there is "nothing in the statute that requires that the Service or its component agencies, such as the USCIS, [to] be involved in the investigation in order to have the authority to provide the alternative certification." *Id.* at 26.

Defendants read the statute differently. They emphasize that Congress granted certification authority only to those agency officials whose ability to provide a certification is "not limited to information concerning immigration violations." Def.'s Mem. at 2. Defendants interpret that

6

restrictive language to exclude USCIS officials whose authority is "limited to information concerning immigration violations." Other DHS subcomponents, like the U.S. Immigration and Customs Enforcement ("ICE") and U.S. Customs and Border Protection ("CBP"), have law enforcement investigative authority. According to Defendants, only officials of those agencies possess certification authority under the statute.

Defendants have "correctly construed the governing statute." *Advoc. Christ Med. Ctr.*, 80 F.4th at 351. History explains why. The "Service" referenced in § 1184(p)(1) is the legacy Immigration and Naturalization Service ("INS"), which was a component of the Department of Justice. *See* 8 U.S.C. § 1101(a)(34). The Homeland Security Act of 2002 abolished INS. Pub. L. 107-296 § 471(a), 116 Stat. 2205 (2002). Before its dissolution, INS's immigration-related responsibilities, including its "intelligence," "investigations," and "inspections" programs, were transferred to DHS. 6 U.S.C. § 251. INS's criminal investigative responsibilities were assigned to ICE and CBP. Def.'s Mem. at 11 (citing 6 U.S.C. §§ 211(c)(5), (e)(3), 251, 252(a)(3)(A)(i); DHS Delegation No. 7030.2 (ICE)). Those components' authority to issue U visa certifications followed these reallocated responsibilities. *See* DHS Delegation No. 7030.2, § 2.BB (conferring authority "to make determinations within the jurisdiction of ICE with respect to . . . U nonimmigrants"); *Cath. Charities CYO v. Chertoff*, 622 F. Supp. 2d 865, 885 (N.D. Cal. 2008) (challenging CBP's refusal to issue certifications).

Congress also established USCIS as a component of DHS. 6 U.S.C. § 271. Its duties, broadly speaking, pertain to establishing "national immigration services policies and priorities" and adjudicating various visa, naturalization, asylum, and other applications. *Id.* USCIS's law enforcement authority relates only to "violations of the immigration laws." DHS Delegation No. 0150.1, § 2(I). That constraint correspondingly means that USCIS lacks the authority to make

7

a U visa certification, because its officials are "limited to information concerning immigration violations." 8 U.S.C. § 1184(p)(1). USCIS therefore did not act arbitrarily and capriciously by declining to make a U visa certification to support Plaintiff's application.

### B.

Plaintiff's second claim is more complicated. Congress gave DHS the power to "determine[]" whether a U visa application satisfies the four statutory criteria. 8 U.S.C. § 1101(a)(15)(U)(i). Congress required a certification as to only one of the four: whether the applicant "has been helpful, is being helpful, or is likely to be helpful" in the investigation or prosecution of certain criminal activity. *Id.* §§ 1101(a)(15)(U)(i)(III), 1184(p)(1). DHS, however, requires additional certifications accompany the Form I-198. The regulations provide that an authorized official must, using the Supplement B form, certify that the applicant meets all *four* statutory criteria, including that she is a "victim" of an enumerated crime. *See* 8 C.F.R. § 214.14(c)(2)(i). An applicant "must" submit the Supplement B with the Form I-918, or USCIS will not adjudicate it. *Id.* § 214.14(c).

Plaintiff contends that by requiring certification of all four statutory criteria, instead of just the one for "helpfulness," the agency demands more than Congress required and thus it has exceeded its authority. Pl.'s Mem. at 27–29. The consequence of these extra certifications, Plaintiff contends, is that DHS has abdicated its statutory duty to "determine" whether an applicant satisfies the statutory criteria, thus unlawfully delegating that responsibility to the certifying official. *See id.*

Her case illustrates the point. The U.S. Attorney's Office for the District of South Dakota recognized that Plaintiff had been helpful in its investigation but refused to certify her as a "victim." Annex A, C–D to Compl., ECF No. 1, at 47, 49–50 (ECF pagination). Plaintiff therefore

8

was unable to present a Supplement B with her application, which USCIS denied solely for that reason. Am. Compl. ¶ 32. In Plaintiff's view, the relevant statutory provisions only required her to secure a "helpfulness" certification and nothing more. Had she been able to obtain such a certification, USCIS would have been required to determine if she met the statutory criteria, including whether she qualified as a "victim." But that is not what happened.

Defendants' response is brief. It asserts only that the agency's interpretation of the statutory certification requirement is reasonable and entitled to deference under *Chevron*. Defs.' Reply in Further Supp. of Defs.' Mot. to Dismiss the Am. Compl. & Opp'n to Pl.'s Cross-Mot. for Summ. J., ECF No. 41, at 5–6. With the ground potentially shifting under *Chevron*, *see Loper Bright Enters. v. Raimondo*, No. 22-451 (S. Ct. argued Jan. 17, 2024), the court is skeptical that deference alone can win the day for Defendants.

In light of the substantial question raised as to the legality of 8 C.F.R. § 214.14's certification requirements, rather than decide the issue on the papers before it, the court will (1) defer ruling on the remaining claim in the parties' cross-motions, (2) appoint counsel as *amicus curiae* in support of Plaintiff, and (3) order supplemental briefing.

**V.**

Accordingly, the court grants in part Defendants' Motion to Dismiss the Amended Complaint, or in the Alternative, for Summary Judgment, ECF No. 33, and denies in part Plaintiff's Cross-Motion for Summary Judgment, ECF No. 37. The court will issue a separate order appointing *amicus curiae* and setting a schedule for further proceedings.

Dated: March 20, 2024

Amit P. Mehta
United States District Court Judge

9